## NATIONAL LABOR RELATIONS BOARD *v.* NEVADA CONSOLIDATED COPPER CORP.

No. 774. Argued April 8, 1942.—Decided April 27, 1942.

*Mr. Ernest A. Gross,* with whom *Solicitor General Fahy* and *Messrs. Richard S. Salant, Robert B. Watts,* and *Morris P. Glushien* were on the brief, for petitioner.

*Mr. C. C. Parsons,* with whom *Mr. H. M. Fennemore* was on the brief, for respondent.

PER CURIAM.

In this case the National Labor Relations Board found that respondent, in refusing to reëmploy a number of its former employees and to employ two new applicants, had discriminated against them in order to discourage membership in a labor union in violation of § 8 (1) and (3) of the National Labor Relations Act, 49 Stat. 449, 29 U. S. C. § 151. The Board made its order directing employment of these individuals with back pay. The Circuit Court of Appeals refused to enforce the Board's order on the ground that its findings were without substantial support in the evidence. 122 F. 2d 587.

Examination of the record discloses that there was substantial evidence from which the Board could have concluded that respondent's refusal to employ the men was motivated by its belief that they had engaged or threatened to engage in destruction of respondent's property and had threatened to injure some of respondent's managerial employees and members of their families. There was also substantial evidence from which the Board could have concluded, as it did, that respondent's motive for refusing the employment was discouragement of membership in a labor union. The possibility of drawing either of two inconsistent inferences from the evidence did not prevent the Board from drawing one of them, as the court below seems to have thought.

We have repeatedly held that Congress, by providing, § 10 (c), (e) and (f), of the National Labor Relations Act, that the Board's findings "as to the facts, if supported by

evidence, shall be conclusive," precludes the courts from weighing evidence in reviewing the Board's orders, and if the findings of the Board are supported by evidence the courts are not free to set them aside, even though the Board could have drawn different inferences. *Labor Board* v. *Link-Belt Co.,* 311 U. S. 584, and cases cited; *Labor Board* v. *Automotive Maintenance Co.,* 315 U. S. 282; cf. *Swayne & Hoyt, Ltd.* v. *United States,* 300 U. S. 297, 307; *Federal Trade Comm'n* v. *Pacific Paper Assn.,* 273 U. S. 52, 63; *Federal Trade Comm'n* v. *Algoma Co.,* 291 U. S. 67, 73. Since upon an examination of the record we cannot say that the findings of fact of the Board are without support in the evidence, the judgment below must be reversed with directions to enforce the Board's order, but with the modification proposed by the Board to conform to our decision in *Republic Steel Corp.* v. *Labor Board,* 311 U. S. 7.

*Reversed.*