# NATIONAL LABOR RELATIONS BOARD v. ARMOUR & CO.

No. 2470.
Circuit Court of Appeals, Tenth Circuit.
June 22, 1942.

Robert Todd McKinlay, of Washington, D. C. (Robert B. Watts, General Counsel, Ernest A. Gross, Associate General Counsel, Gerhard P. Van Arkel, Asst. General Counsel, and Morris P. Glushien and Sanford H. Bolz, all of Washington, D. C., on the brief), for petitioner.

Walter C. Kirk, of Chicago, Ill. (Charles J. Faulkner, Jr., of Chicago, Ill., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

In conventional proceedings before it, the National Labor Relations Board found and determined that Armour and Company, by statements, threats, and conduct of its officials and supervisory employees, had interfered with, restrained, and coerced its employees at its processing plant in Kansas City, Kansas, in violation of section 8(1) of the National Labor Relations Act, 29 U.S.C.A. § 158(1); and that it had discriminatorily refused to reinstate one of its employees because of his union membership and activity, in violation of section 8(3) of the act. An order was entered directing the company to cease and desist from such unfair labor practices, to offer to reinstate the employee to his former or substantially equivalent position without prejudice to his seniority or other rights and privileges but that it not be required to reinstate him to a position which would necessitate his handling of meat or other food products, to make him whole for any loss which he may have suffered by reason of the discrimination against him, and to post appropriate notices. The company failed to comply with the order, the National Labor Relations Board seeks its enforcement, and the company resists.

The decisive question presented is whether the findings of the Board are supported by substantial evidence. The act vests in the Board rather than the courts on review the function of appraising conflicting evidence, determining the credibility of witnesses and the weight to be accorded their testimony, drawing inferences from established facts and circumstances, and resolving issues of fact. And when the findings of the Board are supported by substantial evidence they cannot be disturbed on review. National Labor Relations Board v. Waterman Steamship Corp., 309 U.S. 206, 60 S.Ct. 493, 84 L.Ed. 704; National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Automotive Maintenance Machinery Co., 315 U.S. 282, 62 S.Ct. 608, 86 L.Ed. ——; National Labor Relations Board v. Nevada Consolidated Copper Corporation, 62 S.Ct. 960, 86 L.Ed. ——; Cudahy Packing Co. v. National Labor Relations Board, 10 Cir., 118 F.2d 295; National Labor Relations Board v. Moore-Lowry Flour Mills Co., 10 Cir., 122 F.2d 419; National Labor Relations Board v. Keystone Freight Lines, 10 Cir., 126 F.2d 414.

It would not serve any helpful purpose to detail at length the voluminous evidence adduced. It is enough to say that a painstaking review of the whole record makes it clear that the primary findings of the Board on which the order rests are supported by substantial evidence, and we are therefore not free to overturn them.

The order of the Board will be enforced.