### NATIONAL LABOR RELATIONS BOARD v. BRADLEY LUMBER CO. OF ARKANSAS.

#### No. 12215.

Circuit Court of Appeals, Eighth Circuit.

June 26, 1942.

Guy Farmer, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsel, National Labor Relations Board, Ernest A. Gross, Associate Gen. Counsel, National Labor Relations Board, Gerhard P. Van Arkel, Asst. Gen. Counsel, National Labor Relations Board, and David Findling and Julian R. Wilheim, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

John D. Conner, of Washington, D. C., and D. A. Bradham, of Warren, Ark. (B. Ball, of Warren, Ark., on the brief), for respondent.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The order which the National Labor Relations Board seeks to have enforced and the respondent asks to have set aside was entered August 21, 1941, upon findings that the respondent had engaged in unfair labor practices in violation of § 8(1) and (3) of the Naional Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq. The order requires the respondent to cease and desist from, "(a) discouraging membership in United Brotherhood of Carpenters and Joiners of America, Local 2645 [hereinafter referred to as the Union], affiliated with the A. F. of L., or any other labor organization of its employees by discriminating against its employees in regard to hire and tenure of employment or any term or condition of employment;" and from "(b) in any other manner interfering with, restraining, or coercing its employees in the exercise of their right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection as guaranteed in Section 7 of the Act." The order requires that the respondent reinstate Rowland Hoyle and Willie Lampton (two of its employees, found by the petitioner to have been discriminatorily discharged), and to

make them whole for any loss of pay; and that respondent post the usual notices of compliance and advise the Regional Director of compliance.

The points which the respondent argues are:

1. That the Board in its findings of fact has improperly "mingled references to statements of witnesses, recitals of testimony, expressions of opinion, deductions, inferences and legal conclusions."

2. That the findings that Rowland Hoyle and Willie Lampton were discharged for union activity are unsupported by substantial evidence, and that the evidence establishes that they were discharged for other reasons.

3. That the finding that respondent interfered with, restrained and coerced its employees in the exercise of rights guaranteed in Section 7 of the National Labor Relations Act, by making loans and distributing money to employees prior to and following an election held August 4, 1939, to determine whether a majority of its employees desired to be represented by the Union, and also by distributing whiskey to its negro employees after the election, is unsupported by substantial evidence.

4. That the order is too broad.

We shall confine ourselves to stating briefly our conclusions and the basis for them.

■ 1. The findings of the Board in this case are similar to its findings in other cases, and since such findings have not been rejected by the Supreme Court of the United States or by this Court or other courts of review, we could not base a denial of the Board's petition upon a disapproval of the formal character of its findings. As a practical matter, there is no difficulty in reviewing this case upon the findings which the Board has made.

■■ 2. The Board found that Rowland Hoyle and Willie Lampton were discharged because of their activities on behalf of the Union. The evidence shows that they were both members of the Union and were active in soliciting others to join at a time when the Union was endeavoring to organize the plant of respondent, and that they were both eliminated from respondent's service while the campaign was in progress. There was evidence justifying an inference that respondent was opposed to the unionization of its employees. The respondent's evidence tended to prove that Hoyle was discharged for insubordination mingled with profanity and that Lampton was discharged for loafing on the job. The Board did not believe the respondent's evidence as to its motives for discharging these employees, and concluded that their activities on behalf of the Union were the proximate cause of their separation from respondent's employ. That the Board's findings with respect to the motivating causes for the discharges of Hoyle and Lampton, which findings are not without some substantial evidentiary support, are conclusive upon this Court, we think is apparent from the decision of the Supreme Court in the case of National Labor Relations Board v. Nevada Consolidated Copper Corporation, 62 S.Ct. 960, 86 L.Ed. ——, decided April 27, 1942.

■ 3. The record shows that an election was held on August 4, 1939, for the purpose of determining whether a majority of respondent's employees desired representation by the Union. The Union lost the election by a few votes. It was shown by uncontroverted evidence that just prior to this election and on the day after the election respondent made an unusual number of loans to employees, a greater number than it had previously made in a like period, even at Christmas time. It is quite evident that the election and the making of the loans were not disconnected incidents. The Board inferred that the loans were made to influence the election and the attitude of respondent's employees toward the Union, and it cannot be said that the inference is without substantial support.

During the evening of election day, after the returns were in, there was "a whiskey drinking" participated in by many of the colored employees of respondent. There was abundant evidence that the whiskey consumed was furnished by officers of respondent. The Board found that the whiskey was furnished on behalf of respondent to celebrate the loss of the election by the Union. The evidence justified that inference. There was also evidence that after the election, the "whiskey drinking," and the unusual loaning of money, the membership in the Union rapidly declined. The Board concluded that the tendency of the respondent's conduct in these regards was to discourage membership in the Union, to influence respondent's employees in their choice of a representative for the purposes of collective bargaining, and to interfere with their rights. It is

quite evident that the furnishing of whiskey to the colored employees of respondent after the Union had lost the election did the Union no good, and we think the Board's findings in regard to the purpose and effect of the furnishing of liquor were justified.

4. The respondent objects to paragraph (b) of the Board's order, which is substantially the same as the paragraph which the Supreme Court held was too broad in the case of National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 430–438, 61 S.Ct. 693, 85 L.Ed. 930. Were it not for the fact that this is not the first controversy which the respondent has had with the Board relative to violations of the Act, we would think that the part of the order in question should be modified or eliminated. The record indicates that twice in the past, in order to settle controversies with the Board over alleged violations of the Act, the respondent has reinstated and paid back-wages to employees alleged to have been discriminatorily discharged, and that it was once required to disestablish an alleged "company union." Respondent apparently has a background of anti-union activity which lends force to the Board's contention that it has reason to believe that other unrelated violations of the Act will be likely to occur unless enjoined.

"To justify an order restraining other violations it must appear that they bear some resemblance to that which the employer has committed or that danger of their commission in the future is to be anticipated from the course of his conduct in the past." National Labor Relations Board v. Express Publishing Co., supra, page 437 of 312 U.S., page 700 of 61 S. Ct., 85 L.Ed. 930. Such an order is apparently justified where the record discloses "persistent attempts by varying methods to interfere with the right of self-organization in circumstances from which the Board * * * found or could have found the threat of continuing and varying efforts to attain the same end in the future." National Labor Relations Board v. Express Publishing Co., supra, page 438 of 312 U.S., page 700 of 61 S.Ct., 85 L.Ed. 930.

In this case the Board has made the order which it believes will best remedy the situation found to exist. It may be that the order is broader than is either necessary or desirable. However, it is for the Board to formulate its orders and it is for this Court to order enforcement of them, except to the extent that they transcend the power granted to the Board. See National Labor Relations Board v. Bradford Dyeing Ass'n, 310 U.S. 318, 342, 60 S.Ct. 918, 84 L.Ed. 1226. In view of the history of respondent's dealings with its employees, we are of the opinion that this Court is without authority to eliminate or change any part of the order of the Board.

The petition of the Board for enforcement of its order is granted.