## CARTER CARBURETOR CORPORATION v. NATIONAL LABOR RELATIONS BOARD.

### No. 12282.

Circuit Court of Appeals, Eighth Circuit.

Dec. 7, 1942.

928

William R. Gentry, of St. Louis, Mo. (N. A. Stancliffe and John L. Farrell, both of New York City, on the brief), for petitioner.'

Louis Libbin, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsél, Ernest A. Gross, Associate Gen. Counsel, and Gerhard P. Van Arkel, Asst. Gen. Counsel, and William T. Whitsett, Atty., National Labor Relations Board, all of Washington, D. C., on the brief), for respondent.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This case is before the court on petition of Carter Carburetor Corporation to review and set aside an order issued by the National Labor Relations Board pursuant to Section 10(c) of the National Labor Relations Act (49 Stat. 449, 29 U.S.C.A. § 151 et seq.). In its answer to the petition the Board has requested that its order be enforced. The findings of fact, conclusions, decision and order of the Board are reported in 39 N.L.R.B. 1269 (Supplemental Decision and Order, 40 N.L.R.B. 631.) Among other things, the Board found that the petitioner discharged its employee Clifford Reed on March 27, 1941, and thereafter failed and refused to reinstate him because of his membership in and activity on behalf of the United Automobile Workers of America, Local 819, a labor union affiliated with the Congress of Industrial Organizations, and it was ordered that the employee be reinstated and made whole. The petitioner contended before the Examiner and before the Board that it had discharged said Clifford Reed because "on a certain day as he was leaving his place of work and before he had gone out of the building where he was employed Reed passed one of the female employees of the petitioner and vulgarly placed his hand upon her person in a way that was highly offensive and insulting", and for the same reason it had refused to reinstate Reed.

The only question argued in this court is whether or not the Board's findings in respect to the motivating cause for the discharge of Clifford Reed and the order to reinstate and make him whole should be sustained.

The testimony is voluminous and all implications favorable to petitioner's contention have been ably and forcibly presented. They have been carefully considered in connection with our study of the evidence and certainly preclude a declaration that the Board's finding was the only possible one. But the Board did not believe that the alleged occurrence which the petitioner assigned for its discharge of Reed was the motivating cause of Reed's discharge. Petitioner's long continued opposition to the unionization of its employees was clearly established and Reed had been rendered conspicuous in the unionizing effort. It was within the functions of the Board to consider and appraise the petitioner's motives inferable from the evidence and to decide whether petitioner acted to protect its female employees or to rid itself of Reed because of his union activities.

The Board noted that "the Trial Examiner after examining exhaustively the testimony of the respondent's and Board witnesses, came to the conclusion that Reed had not been guilty of the alleged misconduct." This conclusion, as shown by the Examiner's report, was based in part upon his close observation of the attitude and demeanor of the witnesses who testified on that issue. He reported that the accusers were not impressive as witnesses but "Reed gave the conviction of frankness and force." The Board deemed it unnecessary to make a special finding whether Reed was or was not guilty. It believed from the events surrounding the discharge that the petitioner was not interested in determining the truth of the charges against him, and it rested its finding as to the motivating cause of the discharge upon other evidentiary facts detailed in its findings.

■ Where, as in this case, the testimony comprises more than a thousand pages, the Board can not be required to set forth the testimony and a finding upon every disputed evidentiary fact, but may detail the evidentiary facts from which it has drawn its finding upon the ultimate fact. If our study of the evidence on this review had persuaded us that Reed was in fact guilty of the indecency, and that the petitioner so believed at the time of the discharge, such conclusion would

weigh heavily in passing upon the validity of the order. But it has not.

■ The Board has declared that it arrived at its finding as to the motivating cause of the discharge on the basis of the entire record, and we think that neither the findings of evidentiary fact nor the finding of the ultimate fact are without substantial support in the evidence. Such findings are therefore conclusive upon this court. National Labor Relations Board v. Nevada Consolidated Copper Corporation, 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305.

As it appears that the order of the Board is in all respects valid, its request for an order of enforcement is sustained.

Enforcement ordered.