## NATIONAL LABOR RELATIONS BOARD v. LOCOMOTIVE FINISHED MATERIAL CO.
### No. 12446.

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1943.

Thomas E. Shroyer, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and Frank Donner and Eleanor Schwartzbach, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

H. Templeton Brown, of Chicago, Ill. (Richard L. Douglas and Robert A. Brown, Jr., both of St. Joseph, Mo., on the brief), for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The respondent opposes the granting of this petition for the enforcement of an order of the National Labor Relations Board requiring the respondent to desist from interfering with the rights of its employees guaranteed by § 7 of the National Labor Relations Act, 49 Stat. 449, 29 U.S. C.A. § 151 et seq. The respondent asserts that there was no substantial evidence to support the Board's finding that the respondent had interfered with the rights of its employees within the meaning of § 8(1) of the Act.

The respondent is a corporation engaged in interstate commerce, with its main plant and place of business at Atchison, Kansas. It also has a foundry at St. Joseph, Missouri, at which, in normal times, it employs from 65 to 86 men. In the spring of 1941, the International Moulders and Foundry Workers Union of North America (affiliated with the American Federation of Labor) undertook to organize the employees of the respondent at its St. Joseph plant. The largest number of applications for membership secured by the Union was twenty-nine. A local chapter of the Union was formed, but the members lost interest in it, and the attempt of the Union to perfect organization of the employees of the plant failed. Attributing this failure to interference by the respondent, the Union filed charges with the Board, and, after the usual proceedings, the Board found that the respondent had violated § 8(1) of

the Act, and entered the order in suit.

This controversy is in reality not one between the respondent and its employees. There is nothing in the record to indicate that the respondent has had any quarrel with the men working for it or that it has discriminated against any employee or group of employees because of their union affiliations. The Board's finding of interference is based upon the conduct and remarks of four supervisory employees of the respondent. Two of the supervisors were connected with the plant at Atchison, and the other two were the Superintendent and the General Foreman of the plant at St. Joseph. We doubt that the evidence relative to the remarks or conduct of the supervisory employees at the Atchison plant of the respondent would justify any inference of interference with the rights of the employees at the St. Joseph plant, but it is unnecessary to rule upon that question. There was evidence which clearly justified the Board in inferring that the conduct and remarks of the General Foreman of the plant at St. Joseph were calculated and intended to discourage the employees at that plant from joining the Union, and that the failure of the Union to meet with success in its attempt to organize the employees was partially attributable to such conduct and remarks. The testimony of the Board's witnesses indicated that, while the Union was engaged in its campaign for members, the Foreman questioned employees about their intention to become, or to remain, members of the Union, told the employees that the Union would not be able to secure a majority of the employees, predicted that if the plant at St. Joseph became unionized the respondent would divert its business to Atchison and close the plant at St. Joseph, and made other remarks tending to discourage membership in the Union. There was also evidence that shortly after this Foreman had made these remarks, some of the employees, who had become members of the Union, resigned and others lost interest in it. The respondent contends that the conduct and remarks of the Foreman may not be attributed to it, but we think that the employees might reasonably have regarded the General Foreman as a person who reflected and expressed the sentiments and opinions of the respondent relative to the unionization of the St. Joseph plant. Compare National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 599, 61 S.Ct. 358, 85 L.Ed. 368. There was also evidence that employees who had joined the Union consulted with the General Superintendent of the St. Joseph plant as to how they might withdraw from membership in the Union without injuring their standing with it and with the company, and that he suggested or advised that they send to the Union letters of resignation. The Superintendent admitted giving such advice, but said that it was after the employees had told him of their intention to withdraw from the Union and had asked his advice.

From the evidence, the Board could have found that the failure of the Union to organize the respondent's employees was not attributable to the conduct or remarks of any of the supervisory employees of the respondent, that the employees who joined the Union withdrew voluntarily, and that the respondent was guilty of no interference with the rights of its employees; but the evidence did not compel such a finding. It was for the Board to determine what inference should be drawn from the evidence, and its determination cannot be disturbed by this Court. See National Labor Relations Board v. Bradley Lumber Co., 8 Cir., 128 F.2d 768, 770; National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305; National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 597, 61 S.Ct. 358, 85 L.Ed. 368. It follows that the Board is entitled to the enforcement of its order.

The petition of the Board is granted.