Clarence D. Musser, of Kansas City, Mo. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and Jacob I. Karro and Helen F. Humphrey, Attys., all of Washington, D. C., on the brief), for petitioner.

Edward Miller, of New York City (Charles Rosenbaum and Samuel M. Goldberg, both of New York City, on the brief), for respondent.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

## NATIONAL LABOR RELATIONS BOARD v. DENVER TENT & AWNING CO.

### No. 2749.

Circuit Court of Appeals, Tenth Circuit.

Oct. 25, 1943.

BRATTON, Circuit Judge.

The National Labor Relations Board ordered The Denver Tent and Awning Company to cease and desist from specified unfair labor practices, make whole a certain employee for any loss which she may have suffered by reason of her discriminatory discharge, and post notices of compliance. The company failed to comply with the order and the Board seeks its enforcement.

The company is engaged at Denver, Colorado, in the business of manufacturing, distributing, and selling at wholesale and retail tents, awnings, and miscellaneous canvas products. It operates two plants; it posted a notice on the bulletin board at each plant stating that solicitation of any kind on the premises was forbidden and that violation of the rule would be cause for dismissal; and two days later without further warning or caution it discharged by

letter an employee for the stated reason that she had engaged in solicitation. The soliciting was among the employees to join a local union affiliated with the Congress of Industrial Organizations.

 The National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., does not concern itself with the discharge of employees, except for union membership, activity, or relationship. Otherwise, an employer is free to discharge an employee for any reason, just or unjust. National Labor Relations Board v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433; National Labor Relations Board v. Williamson-Dickie Manufacturing Co., 5 Cir., 130 F.2d 260. Neither does the act proscribe the right of an employer to forbid by rule or regulation solicitation on its property and to discharge an employee for the violation thereof, provided the rule or regulation is promulgated in good faith and bears some reasonable relation to the efficient operation of the plant or business, and is not merely a device to obstruct or impede self-organization. Midland Steel Products Co. v. National Labor Relations Board, 6 Cir., 113 F.2d 800; National Labor Relations Board v. Williamson-Dickie Manufacturing Co., supra.

 The Board found that this rule or regulation forbidding solicitation was promulgated and enforced to discourage membership in the local union. The act vests in the Board the power to pass upon the credibility of witnesses, determine the weight to be given to their testimony, draw inferences from the facts and circumstances, and resolve conflicts in evidence. And where findings of the Board are supported by substantial evidence, they are conclusive on review. National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S. Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305.

 There is no need to detail the facts and circumstances. As a whole, they are open to two conclusions—one that the rule or regulation was promulgated and enforced by the discharge of the employee in good faith for the purpose of furthering efficiency in the operation of the business, and the other that it was merely a device to restrict or impede the employees in the exercise of their right of self-organization.

But the possibility of drawing either of those inferences did not prevent the Board from drawing the latter. National Labor Relations Board v. Nevada Consolidated Copper Corp., supra.

The order will be enforced.