## HARP v. NATIONAL LABOR RELATIONS BOARD.

### No. 2687.

Circuit Court of Appeals, Tenth Circuit.

Oct. 27, 1943.

John L. Goode, of Shawnee, Okl. (Mark Goode, of Shawnee, Okl., on the brief), for petitioner.

Clarence D. Musser, of Kansas City Mo. (Robert B. Watts, General Counsel, Ernest A. Gross, Associate General Counsel, Howard Lichtenstein, Asst. General Counsel, William J. Isaacson, and William T. Whitsett, all of Washington, D. C., on the brief), for respondent.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding presents for review an order of the National Labor Relations Board. O. G. Harp is engaged in business under the trade name of O. G. Harp Poultry and Egg Company. The business is that of purchasing, processing, and selling cream, eggs, poultry, and other products; and at times material here it had about one hundred employees. A local union affiliated with the American Federation of Labor was organized. Several employees became members, meetings were held in a private residence, and one was held in a hall. The three employees here in question joined and were active in their support of the union. They were discharged, one about twenty days after the meeting in the hall and the other two about thirty

days later. The Board ordered the Company to cease and desist from certain unfair labor practices, offer to reinstate and make whole the former employees, and post notices of its compliance. The Company urges the vacation and annulment of the order, and the Board seeks its enforcement.

The National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., does not concern itself with the discharge of employees, except for union membership, activity, or relationship. So far as the act goes, an employer is otherwise free to discharge an employee for any reason, whether just or unjust. National Labor Relations Board v. Denver Tent & Awning Co., 10 Cir., 138 F.2d 410; National Labor Relations Board v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433; National Labor Relations Board v. Williamson-Dickie Manufacturing Co., 5 Cir., 130 F.2d 260.

The Board found in effect that the underlying motive or reason for the discharge of these employees was their union affiliation and activities. The findings are challenged on the ground that they are not sustained by substantial evidence. The act entrusts to the Board the function of passing upon the credibility of witnesses, determining the weight to be given to their testimony, drawing inferences from the facts and circumstances, and resolving conflicts in evidence. And where the findings of the Board are supported by substantial evidence, they are conclusive on review. National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L. Ed. 368; National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305.

Similarly to findings of other administrative bodies, substantial evidence within the purview of the act means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as a substantial basis for a conclusion. Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660; National Labor Relations Board v. Standard Oil Co., 10 Cir., 124 F. 2d 895.

No useful purpose would be served by consuming space to review in detail the facts and circumstances bearing upon the

discharge of these employees. When considered as a whole, they are open to two inconsistent inferences—one that two of the employees were discharged for inefficiency and the third for failure to give notice of her absence from work, and the other that the underlying motive for the dismissal of all of them was their membership in the union and their activities in its behalf. But the possibility of drawing either of those inferences did not prevent the Board from drawing the latter, with conclusive effect on review. National Labor Relations Board v. Nevada Consolidated Copper Corp., supra; National Labor Relations Board v. Denver Tent & Awning Co., supra.

An order of enforcement will be entered