## NATIONAL LABOR RELATIONS BOARD v. JASPER CHAIR CO.

### No. 8275.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1943.

Robert B. Watts, Howard Lichtenstein, Ernest A. Gross, Associate Gen. Counsel, and Ida Klaus and Edward E. Turkel, Attys., National Labor Relations Board, all of Washington, D. C., for petitioner.

Isidor Kahn, of Evansville, Ind., and Arthur C. Nordhoff, of Jasper, Ind. (William F. Little, of Evansville, Ind., on the brief), for respondent.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The Board found that the respondent had been and was engaged in unfair labor practices affecting commerce within the meaning of § 2(6) and (7) of the National Labor Relations Act, 29 U.S.C.A. § 152(6), (7), in discriminatorily discharging Leo Lannan, an employee, and in interfering with the rights of its employees guaranteed them under § 7 of the Act, § 157—thus violating § 8(1) and (3) of the Act, § 158(1), (3).

Respondent, an Indiana corporation, manufactures office and school chairs at its plant in Jasper, Indiana, where it employs about 128 production workers. No jurisdictional question is presented.

Respondent resists the Board's order that it cease and desist from the unfair labor practices found, reinstate Lannan with back pay, and post appropriate notices, on the ground (1) that the Board never found the facts upon which the order is based,

independently, and if it did, (2) that the findings of facts are not supported by substantial evidence.

First: The point is made that under Section 10(c) of the Act, 29 U.S.C.A. § 160(c), it is mandatory on the Board to make its own findings. That section provides that: "If upon all the testimony taken the Board shall be of the opinion that any person named in the complaint has engaged in or is engaging in any * * * unfair labor practice, then the Board shall state its findings of fact * * *." Attention is also called to Section 37 of Art. II of the Board's Rules and Regulations, Series 2, as amended, which provides that "After a hearing for the purpose of taking evidence * * * the Board may—(a) direct that the Trial Examiner prepare an Intermediate Report * * * ; or (c) issue proposed findings of fact, proposed conclusions of law, and proposed order." It is then argued that because the Board in its decision and order states that the Board "hereby adopts the findings, conclusions, and recommendations of the Trial Examiner," it made no determination of the ultimate facts; consequently, no valid order could issue against the respondent. With this argument, under the state of the record here appearing, we are unable to agree.

It is true that by the provisions of the Act the Board is required to make a finding of the ultimate facts upon which the order is bottomed, and in forming its decision and order it must consider all the evidence.

In this case, pursuant to Section 10(b) of the Act, § 160(b), the Board designated a trial examiner to hear the cause. He heard and considered all the evidence and issued his "Intermediate Report" in which he made elaborate separate specific findings of facts, to the effect that the respondent was engaged in certain unfair labor practices. To this report respondent filed exceptions. . Thereafter the Board, after considering "the entire record in the case," adopted the findings of the trial examiner.

With respect to the unfair labor practices, the findings were that in August, 1941, respondent's employees had formed a local union, held regular meetings, and were soliciting membership therein. To these activities, and to prevent solicitation of its employees, respondent's superintend-

ent and foreman indicated hostility by the interrogation of employees and by threats and intimidatory remarks and surveillance of union meetings. Statements of the superintendent and the foreman indicating their dislike and opposition to the union were quoted in the findings. The findings also set forth the circumstances of the discharge of Lannan and concluded that his discharge was because of his adherence to the union.

■ We observe that no special form or style in which the findings shall be cast is prescribed in the Act or in the Board's rules, and we have been told that it is not our function "to probe the mental processes" underlying the Board's decision. Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 999, 82 L.Ed. 1129. So, where the Board declares that it has considered "the entire record in the case," it cannot be said that the Board did not consider the evidence, and we must accord its decision the presumption of regularity to which it is entitled, Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, and Inland Steel Co. v. National Labor Relations Board, 7 Cir., 105 F.2d 246. Perhaps the better practice would be to have the Board enumerate independently its findings of the ultimate facts. However, so long as it makes an independent determination of the issues and satisfies the due process requirements, we cannot say that the particular procedure adopted by the Board in stating its findings of fact, in this case, made the decision and order invalid.

■ Second: On the question of substantial evidence, we are of the opinion that from the entire record the order of the Board is supported, H. J. Heinz Co. v. National Labor Relations Board, 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309; Rapid Roller Co. v. National Labor Relations Board, 7 Cir., 126 F.2d 452; National Labor Relations Board v. Nevada Consol. Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305; National Labor Relations Board v. Chicago Apparatus Co., 7 Cir., 116 F.2d 753, and the order is valid, National Labor Relations Board v. Express Pub. Co., 312 U.S. 426, 61 S.Ct. 693, 85 L. Ed. 930; Wilson & Co. v. National Labor Relations Board, 7 Cir., 124 F.2d 845, except as noted below.

■ The order of the Board will be enforced, but with the modification that the words "successors, and assigns" in the preamble shall be stricken; there will be inserted in paragraph 1(a) after the word "employees" the words "of their own choosing"; and in subsection 3 of paragraph 2(c) after the word "Organizations," the words "or any other organization of their own choosing."

It is so ordered.