## NATIONAL LABOR RELATIONS BOARD v. CENTRAL STEEL TUBE CO.

No. 12651.

Circuit Court of Appeals, Eighth Circuit.

Dec. 27, 1943.

Stephen M. Reynolds, Senior Atty., of Minneapolis, Minn. (Robert B. Watts, Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and Owsley Vose and John H. Garver, Attys., National Labor Relations Board, all of Washington, D. C., on the brief, for petitioner.

E. C. Halbach, of Clinton, Ia. (Wayne G. Cook, of Davenport, Ia., on the brief), for respondent.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition for the enforcement of an order of the National Labor Relations Board. The order is in conventional form and requires the respondent to cease and desist from certain unfair labor practices which the Board found had been engaged in, and to reinstate and make whole for loss of wages three employees, Winchip, Carrier, and Hammond, who the Board found had been discriminatorily discharged. The respondent has a plant at Clinton, Iowa, in which it manufactures gun mounts and other war materials which are shipped in interstate commerce. The respondent asserts that the findings of the Board upon which the order is based are not supported by substantial evidence, and that the order is therefore invalid.

■ No useful purpose would be served by a detailed discussion of the evidence or the applicable law. The question of the correctness of the Board's findings is not a matter with which we can concern ourselves. See Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701, affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251. The evidence of the respondent tended to show that it had not been guilty of the unfair labor practices charged against it and that the three employees who were ordered to be reinstated had been discharged for reasons having nothing to do with their union or organizational activities. The evidence of the Board tended to show that the respondent was opposed to the unionization of its plant and to concerted activities on the part of its employees with respect to wages; that its attitude in these regards was made known to its employees; that it had discouraged unionization and collective bargaining in its plant; and that the discharges of two of the three employees referred to were attributable to their union activities, and the discharge of the third employee was due to his attempt to initiate concerted action to secure a wage increase.

■ That conflicting inferences may be drawn from the evidence as a whole does not help the respondent. "The possibility of drawing either of two inconsistent inferences from the evidence did not prevent the Board from drawing one of them, * * *," and "if the findings of the Board are supported by evidence the courts are not free to set them aside even though the Board could have drawn different inferences." National Labor Rela-

tions Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S Ct. 960, 961, 86 L.Ed. 1305. Compare National Labor Relations Board v. Denver Tent & Awning Co., 10 Cir., 138 F.2d 410; Harp v. National Labor Relations Board, 10 Cir., Oct. 27, 1943, 138 F.2d 546.

The petition of the Board for the enforcement of its order is granted.