## NATIONAL LABOR RELATIONS BOARD v. COLUMBIA PRODUCTS COR- PORATION.

### No. 288.

Circuit Court of Appeals, Second Circuit.

March 21, 1944.

William J. Isaacson, of Washington, D. C., for the Board.

Isadore E. Schlesinger, of Pittsburgh, Pa., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

■ This case involves a single question: Whether the company discharged a woman employee, named Ferrara, because she was insubordinate, as concededly she was; or because she was obnoxious to it as a persistent union organizer. The company had a rule that no employee should leave his work floor while in the plant, not even during the lunch hour; but, although the Board did not question an employer's power to promulgate and enforce such a rule, it found that this rule had never been enforced, and that therefore it should be disregarded. There was testimony to support such a finding and we accept it. Ferrara left her floor during the lunch hour, and began to electioneer for the union. This annoyed some of the women whom she approached, and some commotion followed. Laitman, one of the company's officials, told her to go back to her floor; she flatly refused—apparently wishing to test Laitman's right to discharge her. So defied, he became angry; high words ensued between them, and he discharged her on the spot. On these facts, which the examiner stated impartially enough—indeed there was little dispute in the testimony—he found that Laitman discharged her to be rid of her electioneering. There was some antecedent basis for so believing in the company's earlier hostile treatment of her, for she had been a determined organizer. The Board accepted the examiner's finding, and directed her reinstatement.

■ We do not question that an employer may discharge an employee who refuses to obey his directions as to what part of the plant the employee shall occupy during the lunch hour, as well as at other times. Industry demands order, and order demands discipline; any other principle would quickly bring chaos. However, we need not in this case pass upon whether it would have been beyond the Board's powers to hold it an "unfair labor practice" for Laitman to order Ferrara back to her floor, not because he wished to prevent her electioneering, but because he thought that it would result in confusion and impede production for her to do so during the lunch hour. Even though we were to assume for argument that he had an unconditional privilege of doing so, certainly it did not extend to discharging her in order to stop her electioneering. N. L. R. B. v. Denver Tent & Awning Co., 10 Cir., 138 F.2d 410. The Board has found that that is what he did, and the critical moment is when he first gave the order, not when he discharged her for disobeying it. If that order was within his privilege, he needed no rule to support him; and its validity depended upon his motive when he uttered it, for in the law of torts motive is often the crucial fact. The reason is plain. Imposed legal duties are usually a compromise between conflicting interests, the aggressor being privileged to invade the victim's interest to protect his own, so far as the law recognizes it. Hence, when he is not actuated by the desire to protect a recognized interest, the basis for his excuse disappears. For this reason if Laitman was moved by another desire than to prevent disturbances during the lunch hour, his order was not excused, and it makes no difference whether or not the Board had no power to subject the general convenience of the employer to the employees' right to organize.

■ The Board having found that Laitman really wanted to stop Ferrara's electioneering and not to prevent any disturbance she might occasion, our only duty is to see whether there was any substantial evidence to support that finding. Though it may strain our credulity, if it does not quite break it down, we must accept it; and in the case at bar, regardless of what might have been our own conclusion, we are not prepared to say that no rational person could have come to the same conclusion.

An enforcement order will pass.