**UNIVERSAL INSULATION CORPORA-TION, Petitioner-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Appellee.**

No. 16304.

United States Court of Appeals Sixth Circuit.

May 20, 1966.

Walter L. Price, Johnson City, Tenn., for petitioner, Bryant, Brandt & Price, George F. Brandt, Johnson City, Tenn., on the brief.

Lawrence M. Wagman, Atty., N.L.R.B., Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Lawrence M. Joseph, Attys., N.L.R.B., Washington, D. C., on the brief.

Before PHILLIPS, Circuit Judge, McALLISTER, Senior Circuit Judge, and BROOKS, District Judge.*

BROOKS, District Judge.

An order issued by the respondent-appellee, National Labor Relations Board, found that the petitioner-appellant, Universal Insulation Corporation, had violated Section 8(a) (5) and (1) of the Act (61 Stat. 136, 73 Stat. 519, 29 U.S.C. Sections 151 et seq.) by refusing to be bound by a collective bargaining agreement negotiated on its behalf and on behalf of three other insulating contractors by the employers' association through which it participated in multiemployer bargaining with the International Association of Heat and Frost Insulating and Asbestos Workers Local 46, which was the union representing its employees. The Board also found that Section 8(a) (3) and (1) of the Act was violated by the refusal of Universal to reinstate certain striking employees upon their unconditional offer to return to work. The Board's Decision and Order are reported at 149 N.L.R.B. No. 124. Universal seeks to review and set aside the Order and the Board seeks to enforce it.

On July 2, 1962, Universal became a member of Master Insulators Association of Knoxville, Tennessee, which had as one of its primary purposes the representation of its members in collective bargaining with Local 46. By joining the Association, Universal became a party to the contract then existing between the Association and the Union. The expiration date of this contract was November 15, 1962, and several months prior thereto negotiations began between the Association and the Union. Universal was kept informed of the progress of the

---

* Honorable HENRY L. BROOKS, Chief Judge, United States District Court for the Western District of Kentucky sitting by designation.

negotiations and on November 13, 1962, when first advised that a wage increase had been offered to the Union, stated that it would withdraw from the Association if the new contract provided for a wage increase. The Union and the Association failed to reach an agreement before the old contract expired and the employees of Universal and of the other Association members, refusing to work without a contract, struck their respective employers. Negotiations continued and on November 21st a contract was agreed upon which did include a wage increase, whereupon, Universal resigned from the Association. When the new agreement was reached, all employees of the members of the Association, with the exception of the Universal employees, returned to work.

Universal contends that it is not bound by the new contract because of its withdrawal from the Association. However, multiemployer bargaining is " * * * a vital factor in the effectuation of the national policy of promoting labor peace through strengthened collective bargaining". National Labor Relations Board v. Truck Drivers Local Union No. 449, 353 U.S. 87, 77 S.Ct. 643, 1 L.Ed.2d 676 (1957), and it follows that such bargaining cannot be effective unless an employer who has designated an employees' association as its bargaining representative is bound by the terms of the negotiated contract. N.L.R.B. v. Jeffries Banknote Company, 281 F.2d 893 (9th Cir. 1960). While it is recognized that membership in a multiemployer unit is wholly voluntary and that an employer is free to withdraw from it, the employer must clearly evince at an appropriate time its intention to do so. N.L.R.B. v. Sklar, 316 F.2d 145 (6th Cir. 1963) and the Board has ruled that withdrawal from a multiemployer unit is untimely absent union consent once negotiations on a new contract have started. The Kroger Company, 148 N.L.R.B. 569 (1964); Ice Cream Frozen Custard Employees, 145 N.L.R.B. 865 (1964); C & M Construction Company, 147 N.L.R.B. 843 (1964); Walker Electric Company, 142 N.L.R.B. 1214 (1963). This rule has recently been followed by the Second Circuit in N.L.R.B. v. Sheridan Creations, Inc., 357 F.2d 245 (March, 1966), and under the facts of this case, it is concluded that it should be followed here.

Another contention of Universal that its employees did not strike but voluntarily left their employment for better jobs was found to be without merit by the Board. This finding is supported by substantial evidence such as the concerted action of all employees of the members of the Association, including the employees of Universal, in refusing to report for work when the old contract expired and the Union called a strike. Also, as reflected by the record, the finding of the Board that Universal violated Section 8(a) (3) and (1) of the Act by refusing to reinstate certain striking employees who made unconditional offers to return to work, is likewise supported by substantial evidence. Where facts are conflicting the findings of the Board are conclusive when there is substantial evidence to support them. N.L.R.B. v. Nevada Consolidated Copper Corporation, 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305 (1942); N.L.R.B. v. Link-Belt Company, 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368 (1941); N.L.R.B. v. Superex Drugs, Inc., 341 F.2d 747 (6th Cir. 1965); N.L.R.B. v. Wayne W. Wilson Company, 311 F.2d 1 (6th Cir. 1962).

Enforcement granted.