**BRAKE DELIVERY SERVICE, Burton Truck & Transfer Co., City Transfer, Inc., G & H Transportation, Inc., Griley Security Freight Lines, Peerless Trucking Co., Qwikway Trucking Co., S & M Freight Lines and Swift Transportation Company, Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Kerner Trucking Service, Inc., Intervening Defendant.**

**Civ. No. 69–829–F.**

United States District Court
C. D. California.

Nov. 18, 1969.

Russell & Schureman, by Carl H. Fritze, Los Angeles, Cal., for plaintiffs.

Murchison, Stebbins & Davis, by Donald Murchison, Beverly Hills, Cal., for intervening defendant.

Richard W. McLaren, Asst. Atty. Gen., Gregory B. Hovendon, Atty., Dept. of Justice, Washington, D. C., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for United States of America.

Fritz R. Kahn, Acting General Counsel, Philip W. Getts and Barry Roberts, Attorneys, Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission.

Before HUFSTEDLER, Circuit Judge, and CRARY and FERGUSON, District Judges.

## MEMORANDUM OPINION

PER CURIAM:

This action seeks judicial review of an order of the Interstate Commerce Commission entered in Docket No. MC–121634, Kerner Trucking Service, Inc. By its Order the Commission authorized the issuance of a Certificate of Registration, pursuant to the provisions of Section 206(a) (6) of the Interstate Commerce Act, 49 U.S.C. § 306(a) (6).

This court has jurisdiction and venue pursuant to the provisions of 28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325; 49 U.S.C. §§ 17(9) and 305(g) and (h); and 5 U.S.C. §§ 701–706. A three-judge court was convened pursuant to 28 U.S.C. §§ 2284 and 2325.

### Statement of the Case

The case involves the proceedings of two separate administrative agencies: The California Public Utilities Commission (P.U.C.) and the Interstate Commerce Commission (Commission).

On July 13, 1967, Kerner Trucking Service, Inc. (Kerner) filed an application with the P.U.C. for a certificate of public convenience and necessity to operate as a highway common carrier for the transportation of property within a limited area of the State of California. Kerner also requested authority to transport general commodities within the limits of the intrastate authority in interstate commerce pursuant to the provisions of Section 206(a) (6) of the Interstate Commerce Act, 49 U.S.C. § 306 (a) (6).

Public hearings were held on the application before an examiner assigned by the P.U.C. Plaintiffs, along with others, appeared as protestants at the hearings, cross-examined witnesses and presented opposition to the application.

On July 23, 1968, the P.U.C. issued its Opinion and Order, Decision No. 74425, granting the requested intrastate operating authority to Kerner and finding that the public convenience and necessity required Kerner's operation in interstate commerce coextensive with the intrastate operations, with certain limiting exceptions.

The P.U.C. found that the operations of existing carriers did not adequately meet the needs of small shippers for flexible pick-up and delivery service and that Kerner had demonstrated the ability to provide this service. The application was therefore granted, the P.U.C. concluding:

> "Public convenience and necessity require that the proposed service be authorized in intrastate operations, and in interstate and foreign commerce coextensive with the intrastate operations. * * *"

Following the issuance of the P.U.C. Decision, in accordance with the provisions of subsection (6) of Section 206(a) of the Interstate Commerce Act, 49 U.S.C. § 306(a) (6), Kerner made timely application to the Commission for a Certificate of Registration. Subsection (6) permits motor carriers operating entirely within the boundaries of a single state to transport interstate commerce without obtaining a certificate of public convenience and necessity from the Commission. The only prerequisite to such an interstate operation within a single state is that the motor carrier prove to the proper state agency that such interstate operations are required by public convenience and necessity.

Following the filing of the application of Kerner, plaintiffs and other protestants filed with the Commission a petition for reconsideration of the P.U.C. decision. The Commission issued its Order denying the petition for reconsideration filed by plaintiffs and issued a Certificate of Registration to Kerner after determining that the findings of the P.U.C. in regard to the interstate operations of Kerner were supported by the evidence.

*Issue Presented*

This case presents a single question:

Whether the record supports the Commission's grant of the certificate of registration.

*Scope of Review*

Plaintiff concedes that in a case of this nature the court's scope of review is limited.

In Consolo v. Federal Maritime Commission, 383 U.S. 607 at 619–621, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966), the Supreme Court held:

"Section 10(e) of the Administrative Procedure Act (60 Stat. 243, 5 U.S.C. Sec. 1009(e) (1964 ed.)) gives a reviewing court authority to 'set aside agency action, findings and conclusions found to be (1) arbitrary, capricious, [or] an abuse of discretion * * * [or] (5) unsupported by substantial evidence * * *.' Cf. United States v. Interstate Commerce Comm., 91 U.S.App.D.C. 178, 183–184, 198 F.2d 958, 963–964, cert. denied, 344 U.S. 893, 73 S.Ct. 212, 97 L.Ed. 691. We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126. '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660. This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 106, 62 S.Ct. 960, 961, 86 L.Ed. 1305; Keele

Hair & Scalp Specialist, Inc. v. FTC, 5 Cir., 275 F.2d 18, 21.

"Congress was very deliberate in adopting this standard of review. It frees the reviewing courts of the time-consuming and difficult task of weighing the evidence, it gives proper respect to the expertise of the administrative tribunal and it helps promote the uniform application of the statute. These policies are particularly important when a court is asked to review an agency's fashioning of discretionary relief. In this area agency determinations frequently rest upon a complex and hard-to-review mix of considerations. By giving the agency discretionary power to fashion remedies, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency."

However, the court must review the record without a rubber stamp approach. In Nashua Motor Express, Inc. v. United States, 230 F.Supp. 646, 650 (D.C.N.H.1964), the court said:

"At the outset, it should be noted that it is not the proper function of this court on review to substitute its judgment for that of the Commission on matters of fact or even upon such mixed questions of fact and law as may have been committed by law to an agency discretion. Nor are findings of fact by the Commission to be disturbed if based upon substantial evidence. On the other hand, this court is bound to inquire into every aspect of the proceedings below wherein it may appear that the Commission has otherwise applied an erroneous standard of law, or has made arbitrary findings, or has reached ultimate conclusions without adequate subordinate findings, or has failed in any other way to observe those procedures of investigation and elaboration which have become the hallmarks of proper administrative determination."

### The Granting of the Certificate is Supported by the Evidence

■ The Commission in this case was not making an initial finding of the need for the proposed service, but instead was reviewing the findings made by the P.U.C. The proceeding before the Commission was thus similar to the function of a reviewing court, i. e., the Commission determined whether the findings of the P.U.C. were supported by substantial evidence in the record but made no *de novo* determination based on a new record.

The finding of the P.U.C. that Kerner's proposed operations, both intrastate and interstate, were required by the public convenience and necessity was based on the subsidiary finding that Kerner offered a flexible and efficient pick-up and delivery service to the many small businesses in the area of the application. It was further found that existing carriers did not provide a similar service. The record shows that the majority of shipper witnesses, in addition to relying extensively on Kerner for intrastate service, required interstate service and had used Kerner whenever possible on a contract carrier basis.

Plaintiffs call the court's attention to isolated parts of evidence and testimony in the record and thereby claim as unsupported by substantial evidence the finding of need for Kerner's interstate service and the finding that the service of existing carriers is inadequate. However, the record contains many instances of shipper dissatisfaction with existing service, including complaints of unavailability of service and inability of existing carriers to render overnight service. The conclusion of the Commission that existing service is inadequate is amply supported by the evidence.

■ In contrast to the shippers' unhappiness with existing carriers was their satisfaction with the services provided by Kerner. Kerner showed a definite need for a flexible pick-up and delivery service, both in interstate as well as intrastate commerce, to remedy inadequate existing services. The record establishes that inadequate services existed and that the granting of the certificate to Kerner was necessary in the public interest.

### Separate Findings

■ Plaintiff contends that the P.U.C. did not make separate findings that the public convenience and necessity require the carrier to engage in interstate as well as intrastate commerce. The record, however, indicates that the P.U.C. in its decision set forth with detailed particularity specific findings upon which the interstate grant of authority was awarded. The Commission, by the adoption of the P.U.C. decision, has made findings and conclusions from the record with sufficient clarity to allow an understanding of the matters relied upon to support its decision.

It would result in an unnecessary burden to rule that the Commission is prohibited from utilizing its short form opinion technique in cases such as this. Brevity does not destroy the decisional process.

### Conclusion

It is determined from the entire record that the decision of the California Public Utilities Commission as adopted by the Interstate Commerce Commission is rational, contains adequate findings based upon substantial evidence, is in accord with the law and is valid in all respects.

The order of the Interstate Commerce Commission is affirmed.