## ONAN et al. v. NATIONAL LABOR RELATIONS BOARD.

### No. 12642.

Circuit Court of Appeals, Eighth Circuit.

Jan. 6, 1944.

R. H. Fryberger, of Minneapolis, Minn., for petitioners.

William J. Isaacson, Senior Attorney, National Labor Relations Board, of Washington, D. C. (Robert B. Watts, General Counsel, Howard Lichtenstein, Asst. General Counsel, and Eleanor Schwartzbach, Attorney, National Labor Relations Board, all of Washington, D. C., on the brief), for respondent.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

In this proceeding the petitioners seek a review of an order of the National Labor

Relations Board, and the Board asks for enforcement of its order.

The petitioners are the members of a limited partnership, organized under the laws of Minnesota and engaged in the manufacture and sale, and the distribution of electrical power plants and equipment in interstate commerce. Because of the expansion of its business in order to fill Government orders for its product, the number of employees of the partnership increased from less than 150 in December 1940 to over 1,900 at the time of the hearing before the Board. In proceedings initiated by the Local 1139, Electrical, Radio, and Machine Workers of America, C. I. O., the Board found that petitioners had engaged in certain unfair labor practices and had discharged two employees, Gavenda and Lorenz, because of their efforts to organize a labor union among the partnership's employees. The order of the Board, in customary form, required the petitioners to cease and desist from the prohibited labor practices of which the Board found them guilty, to offer reinstatement to and make whole employees Gavenda and Lorenz, to post notices, and to notify the Board's regional director of compliance with the order. The petitioners contend that the findings of the Board on which its order is based are not supported by evidence. We cannot agree.

We have carefully considered the evidence in the record in the light of petitioners' criticisms of it. We think it correct to say, as petitioners contend, that the Board might well have drawn inferences from the evidence favorable to petitioners. But we cannot say that the evidence before the Board gives no substantial support to the inferences which the Board has drawn. "The possibility of drawing either of two inconsistent inferences from the evidence did not prevent the Board from drawing one of them." National Labor Relations Board v. Nevada Consol. Copper Corporation, 316 U.S. 105, 106, 62 S.Ct. 960, 961, 86 L.Ed. 1305; National Labor Relations Board v. Harbison-Walker Refractories Co., 8 Cir., 135 F.2d 837, 839; National Labor Relations Board v. Central Steel Tube Company, 8 Cir., 139 F.2d 489, decided this term. The fact that instances in the conduct of the petitioners, their superintendent and supervising employees, if taken separately and considered in isolation, are insufficient to support a finding of interference with the employees' rights, guaranteed by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., affords no support for petitioners' contention that the Board's findings were not supported by substantial evidence. The Board was within its rights in viewing the picture before it as a whole, and in reaching its conclusion upon a consideration of a number of related incidents. Canyon Corporation v. National Labor Relations Board, 8 Cir., 128 F.2d 953, 955. "Congress entrusted the Board, not the courts, with the power to draw inferences from the facts. * * * The Board * * * has the function of appraising conflicting and circumstantial evidence, and the weight and credibility of testimony. * * * all are part of the imponderables which the Board was entitled to appraise." National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 597, 599, 61 S.Ct. 358, 365, 85 L.Ed. 368.

While we think it unnecessary to review in detail the evidence in the record before us, some comment may be made upon the evidence upon which the Board found that the employees, Gavenda and Lorenz, were discriminatorily discharged. Gavenda was discharged on September 12, 1942. Since February 1942 there had been some union activity in the plant of the petitioners at which Gavenda was employed, and on September 5, Gavenda joined the union. Thereafter he engaged in the solicitation for union memberships among petitioners' employees. At the time of his discharge Gavenda was told that his employment was terminated because he was inefficient and did not attend to his work. There was some evidence on behalf of the petitioners to this effect, but two days after his discharge petitioners' superintendent gave him a letter of recommendation in which it was stated that Gavenda had been in petitioners' employment for five months, that he had done his work well, and that he was a steady, conscientious worker. Lorenz was discharged on November 3, 1942, following his application for membership in the union and his solicitation for union memberships among petitioners' employees. The grounds for his discharge given by petitioners were his inefficiency and refusal to obey orders. There was evidence on behalf of petitioners which justified the inference that Lorenz was a person of unstable character, nervous and high-strung, and that on occasion he gave some trouble to his immediate

foreman. But it is not denied that Lorenz was otherwise an efficient and competent workman, and it appears that on the day of his discharge his foreman had arranged for a raise in his pay in recognition of his ability. In view of this evidence, we cannot say that the Board's finding that Gavenda and Lorenz were discharged for their union activities is without substantial support in the evidence. We are not concerned with whether the Board reached the correct conclusion on the evidence, but only with the question of whether there was substantial evidence justifying the conclusion which the Board has reached. The Board had the right to decide not only whether there was a proper cause for the discharge of the employees in question, but also, conceding such cause, whether the petitioners acted upon it, or for reasons prohibited by the Act. National Labor Relations Board v. Blanton Co., 8 Cir., 121 F.2d 564, 570.

The order of the Board in this case is in the usual form and in conformity with the Board's findings of fact. International Ass'n of Machinists v. National Labor Relations Board, 311 U.S. 72, 82, 61 S.Ct. 83, 85 L.Ed. 50; National Labor Relations Board v. Express Pub. Co., 312 U.S. 426, 436, 437, 61 S.Ct. 693, 85 L.Ed. 930.

The petition for review is denied and the petition of the Board for enforcement is granted.