## NATIONAL LABOR RELATIONS BOARD v. CONCORDIA ICE CO., Inc.

### No. 2856.

Circuit Court of Appeals, Tenth Circuit.

July 3, 1944.

Clarence D. Musser, of Kansas City, Mo. (Alvin J. Rockwell, Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, Roman Beck and Leslie J. Capek, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Charles L. Hunt, of Concordia, Kan. (Frank C. Baldwin, of Concordia, Kan., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This in an application by the National Labor Relations Board for enforcement of its order requiring respondent to cease and desist from violations of Section 8(1) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The violations charged are that respondent refused to bargain collectively with the Amalgamated Meat Cutters & Butcher Workmen of North America, a labor union which claimed to represent a majority of the respondent's employees, and that respondent, in violation of the provisions of the Act, interfered with the employees' rights to organize. The Board made appropriate findings as to the existence of these violations. The jurisdiction of the Board is conceded by respondent. The only question, therefore, in the case is whether the findings of the Board are sustained by substantial evidence.

The legal questions arising out of the passage of this act are well charted and quite generally settled. Not many new or novel questions of law remain to be considered. None are presented here. Where, as here, the jurisdiction of the Board is conceded, the only question remaining for consideration is whether there

is substantial evidence supporting its findings. As is generally the case in all such controversies, there is evidence which would support a contrary finding, but as has been so many times pointed out, the resolution of such conflicts is for the Board. A reviewing court may interfere only when the findings are not supported by any substantial evidence.

To set forth the evidence which in our opinion supports the Board's finding would require an opinion of considerable length. To recite the events in detail would add nothing of value to the legal publications, nor to cases which will arise in the future, because the facts in each case are generally entirely separate and dissimilar to those in other cases. Under these circumstances, we feel that we are not justified in unnecessarily encumbering legal publications with a detailed statement of the evidence.

We deem it sufficient to say that we have carefully examined the entire record in this case and conclude that the findings of the Board are sustained by substantial evidence, and its order will therefore be enforced.