## NATIONAL LABOR RELATIONS BOARD v. FAIRMONT CREAMERY CO.

No. 2862.

Circuit Court of Appeals, Tenth Circuit.

July 29, 1944.

John E. Lawyer, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, Roman Beck, and Thomas B. Sweeney, all of Washington, D. C., on the brief), for petitioner.

Leonard A. Flansburg, of Lincoln, Neb. (Charles H. Flansburg, of Lincoln, Neb., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The National Labor Relations Board seeks enforcement of its order entered in a conventional proceeding requiring Fairmont Creamery Company, a corporation, doing business under the name of Concordia Creamery Company, at Concordia, Kansas, to cease and desist from interfering with, restraining, or coercing its employees in their right of self-organization for purposes of collective bargaining, to post notices at its plant, and to notify the Regional Director of the Board.

 The first question presented relates to the sufficiency of the evidence to support the material findings of the Board. Congress entrusted to the Board in a proceeding of this kind the function of passing upon the credibility of witnesses, determining the weight to be given to their testimony, drawing inferences from the facts and circumstances, choosing between inconsistent inferences, and resolving conflicts in evidence. And where the findings are supported by substantial evidence, they cannot be overturned on review. National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Virginia Electric & Power Co., 314 U.S. 469, 62 S.Ct. 344, 86 L.Ed. 348; National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305; Utah Copper Co. v. National Labor Relations Board, 10 Cir., 139 F.2d 788; National Labor Relations Board v. Concordia Ice Co., 10 Cir., 143 F.2d 656; National Labor Relations Board v. Fairmont Creamery Co., 10 Cir., 143 F.2d 668.

 It would not serve any useful purpose to review the evidence in detail, as no two cases of this kind are identical. It is enough to say in resume that a painstaking review of the record leads us to the conclusion that the evidence adduced and the inferences reasonably to be drawn from it adequately support the findings. Therefore the findings are conclusive here.

 The National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., does not prohibit an employer from merely expressing his views concerning labor policies or problems. And isolated or casual expressions of individual views made by supervisory employees, not authorized by the employer and not of such character or made under circumstances reasonably calculated to generate the conclusion that they are an expression of his policy, fail to constitute interference with the employees in the exercise of their right of self-organization, within the intent and meaning of the Act. But a continued course of conduct, consisting in part of statements or comments of foreman and other employees having supervisory authority, in connection with other circumstances entitled to consideration, may in its totality constitute interference, restraint, coercion, and domination in respect of the right of self-organization. National Labor Relations Board v. Virginia Electric & Power Co., supra; Utah Copper Co. v. National Labor Relations Board, supra. Here, the number of statements made by supervisory employees of the company, their nature and substance, the time within which they were made, the conditions under which they were made, and other circumstances entitled to consideration, in their totality, warrant the conclusion that they were far more than mere casual or desultory expressions of individual views, unrelated to the policy of the company.

An order of enforcement will be entered.