## NATIONAL LABOR RELATIONS BOARD v. FAIRMONT CREAMERY CO.

No. 3610.

Circuit Court of Appeals.
Tenth Circuit.
July 14, 1948.

Rehearing Denied Aug. 9, 1948.

HUXMAN, Circuit Judge, dissenting.

Dominick Manoli, of Washington, D. C. (David P. Findling, Associate Gen. Counsel, Ruth Weyand, Acting Asst. Gen. Counsel, Owsley Vose and Harvey B. Diamond, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Leonard A. Flansburg, of Lincoln, Neb. (Charles H. Flansburg, of Lincoln, Neb., on the brief), for respondent.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Upon consideration of its Examiner's Intermediate Report, the National Labor Relations Board found that the respondent, Fairmont Creamery Company, had interfered, restrained and coerced its employees at its plant in Lawton, Oklahoma, from exercising their collective bargaining rights, guaranteed by Section 7 of the National Labor Relations act, in violation of Section 8(1) thereof. 49 Stat. 452, 29 U.S.C.A. 157, 158(1). It also found that the respondent discriminated in regard to hire and tenure of three of its employees in violation of Section 8(1, 3) of the Act. As a remedy for the unfair labor practices, it ordered the respondent to cease and desist, and to post the usual notices. It also ordered those found to be discriminatorily discharged reinstated and made whole for any loss of pay suffered by reason of the discrimination. The respondent failed to comply and the Board now seeks enforcement under Section 10(e) of the Act. 61 Stat. 136, 29 U.S.C.A. § 160(e).

The sole question is the sufficiency of the evidence to support the Board's findings. The Board's order is based upon the specific finding that the respondent violated Sec. 8(1) of the Act, supra, by its course of conduct, consisting of "(a) its use of an employment application form requiring the disclosure by prospective employees of their union affiliation; (b) its interrogation of employees concerning their union activities; (c) the anti-union statements and threats of its supervisory employees, as set forth in the Intermediate Report; and, (d) its activities in inducing employees who were members of the Union to resign from it."

Respondent does not directly deny the principal facts found and relied upon by the Board, but it does deny that they constituted unfair labor practices. It says that the employment application forms requiring the disclosure of union affiliation were forms necessarily used by the Company in its plants having a closed shop, and were not intended to interfere with collective bargaining rights. It says that the statements by the supervisory employees, found to have been coercive, were made in a jocular vein, without any illegal intent or purpose and that they did not have the effect which the Board found; that its activities in connection with the resignation of the employees from the Union, after having joined, were merely intended to effectuate their free will and did not influence their judgment.

The Board found, however, that the admitted statements of the supervisory employees were not "uttered in a jocular vein" nor "of a humorous character," and that they therefore constituted unfair labor practices within the meaning of Section 8(1) of the Act. Without reviewing the evidence, we think it sufficient to say that the established facts are susceptible of the inferences drawn by the Board and they are therefore binding here. NLRB v. Fairmont Creamery, 10 Cir., 144 F.2d 128; NLRB v. Fairmont Creamery, 10 Cir., 143 F.2d 668.

With respect to the employees found to have been discriminatorily discharged, the pertinent facts as to each are not materially in dispute. The respondent argues that each of them was either discharged for causes wholly unrelated to union activities or that they voluntarily left and were not reemployed because suitable employment was not available. Without recounting the facts, we think it sufficient to say that they are susceptible of the conclusion on the one hand that the employee was discharged because of his union activities, and on the other for an unrelated

cause. But, again, the drawing of inferences from the facts is for the Board and not this court. NLRB v. Nevada Copper Co., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305; NLRB v. Link Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; H. J. Heinz Co. v. NLRB, 311 U.S. 514, 61 S.Ct. 320, 85 L. Ed. 309; NLRB v. Fairmont Creamery, 10 Cir., 144 F.2d 128; NLRB v. Fairmont Creamery, 10 Cir., 143 F.2d 668.

We hold as to each employee the inferences drawn from the facts were legally permissible.

The order will be enforced.

HUXMAN, Circuit Judge (dissenting).

I cannot agree with the majority that there is substantial evidence sustaining the Board's findings of violations of the rights of employees Arlington and Shelton guaranteed by the Act. As to them there is, in my opinion, a complete absence of any substantial evidence showing that they were discriminated against on account of Union activities. The explanation respondent gave is convincing to me and overcomes any implication of intent to violate their rights under the Act. This being a dissenting opinion, no effort will be made to recite the evidence to this conclusion. I would deny enforcement of the Board's order as to these employees. In all other respects I concur in the majority opinion.