## NATIONAL LABOR RELATIONS BOARD, Petitioner,

### v.

## VULCAN–HART CORPORATION (ST. LOUIS DIVISION), Respondent.

### No. 80–1515.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1981.

Decided March 9, 1981.

Gerald Tockman, Charles W. Ahner, Jr. (argued), St. Louis, Mo., for respondent.

Paul J. Spielberg, Deputy Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

In this case the National Labor Relations Board requests this court to enforce its order of April 17, 1980, in connection with an alleged unfair labor practice held to have been committed by Richard Klohr, general manager of Vulcan-Hart Corporation of Kirkwood, Missouri, on June 22, 1979.

Vulcan-Hart manufactures commercial refrigerators in Kirkwood, Missouri. At the time of the alleged unfair labor practice about 37 of its employees were represented by Stove, Furnace, and Allied Appliance Workers Union of North America, AFL–CIO, Local 110 (the union). In 1973 Klohr offered to permit its workers to use the company lunchroom for union meetings after normal working hours. He charged the union a nominal $5 per month for this use.

From December of 1978 to May of 1979, the union and its president filed three unfair labor practice charges against Vulcan-Hart, all of which involved claims of discriminatory discharge of union employees. Each of these charges was either withdrawn or dismissed by the Regional Office. On June 13, 1979, a union meeting was held in the lunchroom. Klohr was outside the meeting room writing on a clipboard and appeared to write down each employee's name as he left. The president of the union, on June 21, 1979, filed another unfair labor practice charge alleging illegal surveillance of union activities by Klohr at the June 13 meeting.

Klohr received notice and a copy of this latest 8(a)(1) charge on June 22, 1979. He then left his office and, according to the testimony of a Mr. Opelz, approached union Vice-President Leroy Miller and said:

* * * "There will be no more union meetings in the lunchroom." Leroy just looked at him and he said, "I mean it. There will be no more union meetings in the lunchroom."

Thereafter no union meetings were held in the lunchroom and the union filed a charge

alleging violations of 8(a)(4) and (1) of the Act. The Board upheld the charge and ordered the company to permit its employees to use the lunchroom for its meetings as before and to post an appropriate notice.

■ We agree with the Board that the evidence is substantial that the termination of the right of the employees to hold union meetings in the lunchroom resulted from Klohr's anger at the filing of the June 21 8(a)(1) charge. We therefore uphold the Board's determination that the retaliatory action by Klohr was in violation of the Act.

However, our function "in a case such as this is to determine whether the Board, acting within the compass of its power, (1) has held a proper hearing, (2) has made findings based upon substantial evidence, and (3) has ordered an appropriate remedy." *NLRB v. Parkers Prairie Cooperative Creamery Ass'n*, 154 F.2d 455, 457 (8th Cir. 1946). We have no problem with the first two of these prongs, but an analysis of the remedy is in order.

In *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 316, 99 S.Ct. 1123, 1132, 59 L.Ed.2d 333 (1979) the Supreme Court set forth this rule for use in determining whether or not the Board has abused its discretion in fashioning a remedy:

> We are mindful that the Board is granted broad discretion in devising remedies to undo the effects of violations of the Act, *NLRB v. Seven-Up Bottling Co.*, 344 U.S. 344, 346, 73 S.Ct. 287, 288, 97 L.Ed. 377; *Fibreboard Corp. v. NLRB*, 379 U.S. 203, 216, 85 S.Ct. 398, 405, 13 L.Ed.2d 233, and of the principle that in the area of federal labor law "the relation of remedy to policy is peculiarly a matter for administrative competence." *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271. Nonetheless, the rule of deference to the Board's choice of remedy does not constitute a blank check for arbitrary action. The role that Congress in § 10(e) has

entrusted the courts in reviewing the Board's petitions for enforcement of its orders is not that of passive conduit. See *Fibreboard Corp. v. NLRB, supra*, at 216, 85 S.Ct. at 405.

■ In this case the Board has ordered the company to permit the employees and the union to use the lunchroom for union meetings as in the past. There is no time limitation on the order, no mention of a possible increase in the payment made for the use of the room and no provision permitting a termination of the use either by collective bargaining or for some legitimate and necessary company purpose. It seems to permit the use of the room by the union whether it remains the collective bargaining agent for the employees or not. Under these circumstances, in our opinion, the Board abused its discretion in fashioning the remedy and some modification of the order should be made.[1]

The Board is directed to modify its order as follows:

1. The order regarding use of the lunchroom is limited to such period as the union is the certified bargaining agent of the employees. Because of the situation described by the company as set forth in footnote 1, the union shall be considered the bargaining agent (for the purpose of this order only) until the Board has ruled on the case now pending.

2. The order may be modified by the parties as a result of collective bargaining between this union and Vulcan-Hart.

3. If it is finally determined that the union is still the bargaining agent of the employees, the use of the lunchroom by the union may be withdrawn by Vulcan-Hart for any legitimate, nonpretextual reason which does not involve any element of antiunion animus.

The Board is directed to amend its order and notice, and as so amended, its order is hereby enforced.

---

1. In its brief Vulcan-Hart indicates that the union no longer represents the employees. It indicates that it has withdrawn recognition from the charging party and that the case is presently pending before the Board. Since this is outside the record, we have no way of knowing the true situation and refer to it only as an allegation of one of the parties.