**CHRYSLER CORPORATION, Plaintiff-Appellant,**

v.

**John T. DUNLOP, Director Cost of Living Council, et al., Defendants-Appellees.**

**No. DC–18.**

Temporary Emergency Court of Appeals.

Dec. 5, 1973.

James A. Hourihan, Hogan & Hartson, Washington, D. C., for appellant.

Paul T. Michael, Dept. of Justice, Washington, D. C. (Irving Jaffe, Acting Asst. Atty. Gen., William E. Nelson, William C. White, Washington, D. C., on the brief) for appellees.

Before TAMM, Chief Judge, and HASTIE and McGOWAN,* Judges.

PER CURIAM.

Chrysler Corporation [hereafter, "Chrysler"] appeals from the denial of a preliminary injunction sought by appellant against appellees, Dr. John T. Dunlop, the Cost of Living Council and others [hereafter, "COLC"]. On September 18, 1973, pursuant to Phase IV Price regulations,[1] Chrysler filed a prenotification of a proposed price increase of 2.-29% or $72.80 per vehicle. COLC deferred consideration of the merits of Chrysler's proposal by Order dated September 21, 1973, acting under authority of 6 C.F.R. § 150.154(c).[2] Tracking the language of the regulation, COLC concluded that "the proposed price increase, if granted, would be of such magnitude and would have such an impact upon the economy as to be unreasonably inconsistent with the goals of the Economic Stabilization Program."[3] COLC further stated that "the objectives of the Economic Stabilization Program require proposed price increases in the automotive industry . . . to be reviewed together and not on an incremental basis,"[4] and that its consideration of proposed price increases for all automobile manufacturers would therefore be delayed until the completion of all current labor negotiations and the submission by all manufacturers of new prenotifications. After a petition for reconsideration was denied by COLC on November 5, 1973, Chrysler commenced this action for declaratory and injunctive relief in the United States District Court for the District of Columbia. The trial court, on November 9, 1973, entered an Order denying Chrysler's motions for a temporary restraining order and a preliminary injunction. From this order, Chrysler takes this appeal, and moves for summary reversal and preliminary injunction to issue from this court.[5] For the reasons stated below we vacate the order of the trial court and remand for reconsideration of Chrysler's motion for a preliminary injunction.

Section 211(d)(1) of the Economic Stabilization Act, 12 U.S.C. § 1904 Note (Supp. II 1972), sets out the standard for judicial review of COLC orders:

. . . no order of such agency shall be enjoined or set aside, in whole or in part, unless a final judgment determines that such order is in excess of the agency's authority, or is based upon findings which are not supported by substantial evidence.

■■ This court has previously articulated the requirements for preliminary relief under the Act. McGuire

---

* Honorable Carl McGowan, United States Circuit Judge for the District of Columbia Circuit, sitting by designation pursuant to 12 U.S.C. § 1904 (Supp. II 1972).

1. Chrysler is a "price category I firm" (annual sales or revenues of $100 million or more) under Phase IV regulations and must notify COLC of any proposed price increase by filing a Form CLC–22 with the Internal Revenue Service.

2. Cost of Living Council Regulation 6 C.F.R. § 150.154 provides in pertinent part:
   During the 30-day prenotification period, the Council may issue an order disapproving, modifying, suspending or deferring a proposed price increase in whole or in part.
   *    *    *    *    *

(c) The Council may issue an order deferring a price increase, in whole or in part, if it finds that the proposed price increase is of such magnitude and would have such an impact upon the economy as to be unreasonably inconsistent with the goals of the Economic Stabilization Program.

3. COLC Decision and Order, September 21, 1973, J.A., Tab L at 6.

4. Id.

5. As our disposition of this appeal makes clear, we deny appellant's motions for summary reversal and for relief to issue from this court.

Shaft & Tunnel Corp. v. Local Union 1791, U.M.W., 475 F.2d 1209, 1215–1216 (Em.App.1973). The trial court must consider, *inter alia*, whether the party seeking such relief can show a substantial likelihood of success on the merits. Chrysler asserts that it can satisfy the "success on the merits" test with a showing that the COLC Order of September 21, 1973, deferring the proposed price increase was an order "not supported by substantial evidence" and thus violative of § 211(d)(1). The trial court, however, in its Memorandum Opinion filed November 9, 1973, stated as a conclusion of law that plaintiff was unlikely to prevail on the merits because it had failed to establish that the COLC Order was without rational basis or arbitrary or capricious, citing this court's opinion in Pacific Coast Meat Jobbers Assoc., Inc. v. Cost of Living Council (481 F.2d 1388, Em.App.1973). The trial court failed to go on to apply the standards of § 211(d) in an attempt to ascertain whether there is substantial evidence to sustain the *order* attacked by Chrysler. If there is not sufficient evidence, Chrysler would indeed have a substantial likelihood of prevailing on the merits, and preliminary relief might be proper.

We note that COLC's September 21 Order identifies no evidence whatsoever in support thereof. We have previously approved the procedure, utilized here, of allowing a post-litigation affidavit to provide the substantial evidence needed to support a COLC order. Plumbers Local 519 v. C.I.S.C., 479 F.2d 1052 (Em.App.1973), and we consider it entirely proper in this case for the trial court to look to Dr. Dunlop's affidavit for the requisite evidentiary support. This does not mean, however, that the requirement of substantial evidence is in any way diminished. Under examination, an affidavit may be found to supply only conclusory statements and not evidence.

We are aware of Chrysler's argument here that § 150.154(c) does not permit a determination that the total effect of an *industry's* proposed price increases would be economically detrimental to provide the basis for deferring, as here, a *single manufacturer's* proposed increase. While we adhere to the basic tenet that the expertise of COLC is to be given great weight in questions of interpretation of its own regulations, *see* University of Southern California v. Cost of Living Council, 472 F.2d 1065, 1068–1069 (Em.App.1972), this is not a carte blanche. In any event, the affidavits submitted to date do not provide a rational explanation for the deferral of Chrysler's proposed price increase. We do not suggest that there might not be a rational basis, but observe merely that the present affidavits do not contain factual evidence to support the conclusion of economic impact inconsistent with the Economic Stabilization Program which the Commission must draw to invoke § 150.154(c).

Unlike the deferral provisions common in the area of utility regulation,[6] § 150.154(c) does not restrict COLC as to the duration of a particular deferral; deferrals could be of potentially infinite duration. This raises serious questions as to the legality of the suspension power. Such an open-ended power could constitute a denial of Due Process dependent, of course, on the facts of any particular case. Consider, for example, the legality of a COLC suspension under § 150.154(c) of a proposed increase which is approved after an extended period of deferral. There is no way in which allowance of the increase could be made retroactive in order to recompense the company.

When COLC initially deferred Chrysler's September 18th proposed increase on September 21, COLC said that it would "review this order on November 1, 1973."[7] COLC apparently did nothing until November 30, 1973, when it post-

---

6. *See. e. g.*, Natural Gas Act, 15 U.S.C. § 717c(e) (1970); Federal Power Act, 16 U. S.C. § 824d(e) (1970).

7. COLC Decision and Order, September 21, 1973, J.A., Tab L at 6.

poned decision for "10 more days."[8] Without checks, this practice could become a pattern of abuse.

■ Finally, we note that Chrysler represented to the trial court that if the price increase were allowed to go into effect, it would escrow all monies obtained as a result of such increase to be refunded if final judgment went against Chrysler. While this was done in the context of a motion for preliminary relief in the trial court, we are of the opinion that such a proposal by Chrysler should be considered by the trial court in determining whether COLC was in error in finding that the economic impact of the proposed increase was "of such magnitude and would have such impact upon the economy as to be inconsistent with the goals of the Economic Stabilization Program." The Dunlop affidavit, providing the sole evidentiary basis for COLC's order, does not address the effect, if any, that the Chrysler escrow proposal would have to lessen the undesirable impact of the proposed increase, but clearly it could, to some extent, reduce the impact. The residual economic damage that might still occur could well be fatal to Chrysler's application. The point is, only, that such a proposal should be evaluated by COLC. If it determines that an escrow-repayment program does *not* sufficiently mitigate inflationary impact, COLC should so state and support its conclusion with substantial evidence.

■ In summary, we hold that because the trial court did not make findings of fact and conclusions of law on the question of whether the COLC Order of September 21, 1973, was supported by substantial evidence, the order denying the temporary injunction is vacated, and the cause remanded to the trial court for further consideration. We direct that the mandate shall issue forthwith.

So ordered.

8. Telegram from COLC to Chrysler November 29, 1973:

MR. R. J. HELDER
VICE PRESIDENT, COMPTROLLER
DEAR MR. HELDER:

NOTICE IS HEREBY GIVEN THAT THE COST OF LIVING COUNCIL HAS SUSPENDED ACTION ON YOUR PRENOTIFICATIONS OF PRICES, COSTS AND PROFITS, FORM CLC–22, FILED SEPTEMBER 18, 1973 AND NOVEMBER 2, 1973 PENDING FURTHER REVIEW OF THE ADDITIONAL DATA, OPINIONS AND TESTIMONY RECEIVED DURING THE AUTO HEARINGS HELD ON NOVEMBER 20 AND 21, 1973. THE SUSPENSION WILL CONTINUE FOR A PERIOD NOT TO EXCEED TEN DAYS AND, ACCORDINGLY, THE COUNCIL WILL NOTIFY YOU WHEN THIS SUSPENSION IS LIFTED.

BERT M. CONCKLIN, ADMINISTRATOR OFFICE OF PRICE STABILIZATION