**RESOURCES INVESTMENT CORPORATION, Plaintiff,**

v.

**DEPARTMENT OF ENERGY OF the UNITED STATES of America, Defendant,**

and

**The United States of America, Defendant and Counterclaimant.**

**No. CIV–79–722–D.**

United States District Court, W. D. Oklahoma.

June 30, 1981.

---

Charles Nesbitt, Oklahoma City, Okl., for plaintiff.

Larry D. Patton, U. S. Atty. by Stan Twardy and David A. Poarch, Asst. U. S. Attys., Oklahoma City, Okl., Alice Daniel, Acting Asst. Atty. Gen., C. Max Vassanelli and Sheila Lieber, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This is an action for judicial review of a "Remedial Order" issued by the Federal Energy Administration, the predecessor of the Defendant Department of Energy (Hereinafter for convenience both agencies will be referred to as "DOE"). The Remedial Order in question was issued by the DOE pursuant to the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C. §§ 751–760h. The Defendant United States of America has filed a counterclaim against Plaintiff seeking enforcement of the Remedial Order. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 754 which incorporates § 211 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note.

The material facts as determined in the Remedial Order are not in dispute. In this connection, it appears that Plaintiff operates the Jayne # 1 lease located in Garfield County, Oklahoma, which began production in February, 1972. Plaintiff initially drilled a well into the Misner Formation at a depth of 6100 feet in January, 1972. The initial well was plugged and abandoned in February, 1974, and Plaintiff drilled into the Mississippian Formation at a depth of 5502 feet on the Jayne # 1 lease.

Plaintiff contended that the well drilled to the Mississippian Formation constituted a new property which was not subject to the base production control level (BLCL)[1] established by production from the Misner Formation. Therefore, Plaintiff sold all crude oil produced from the Jayne # 1 lease between February 1, 1974, and August 31, 1976, at new crude oil prices rather than the controlled old oil prices.

The DOE audited Plaintiff's production and determined that the crude oil produced from the Mississippian Formation was not new oil within the meaning of 10 C.F.R. § 212.73, but rather was old oil subject to price regulation. This determination was made by computing the BLCL for the Jayne # 1 lease for 1972 based upon the production for that year from the Misner Formation pursuant to 10 C.F.R. § 212.72. The BLCL for the Jayne # 1 lease was determined to be 3,291 barrels per month. The BLCL was then compared to the sales by Plaintiff between February 1, 1974 and August 31, 1976, to determine the amount of oil from the property which would be classified as old oil and the amount which would be classified as new oil.

On June 22, 1977, the DOE issued a "Notice of Probable Violation" to Plaintiff. On March 28, 1978, the DOE issued its "Proposed Remedial Order" to Plaintiff which in part ordered Plaintiff to refund $128,627.99 plus interest to Plaintiff's customer, Koch Oil Company. On April 27, 1978, Plaintiff filed its "Statement of Objections" to said remedial order. Finally on May 22, 1979, the DOE issued its "Decision and Order" concerning the proposed Remedial Order and Plaintiff's objections thereto. Said decision upheld the DOE's Proposed Remedial Order and ordered the repayment to the crude oil purchasers involved.

Plaintiff subsequently brought this action for judicial review of that Decision and Order of the DOE. Plaintiff has submitted a Brief and Defendant has filed a Brief in opposition thereto. The parties involved

herein have submitted the case for decision as there is no disagreement as to the facts involved herein. Accordingly, this action is now before the Court for decision based upon the facts set out in the Remedial Order and the Briefs of the parties.

Plaintiff has three contentions before this Court for review:

1. The DOE has no lawful authority to adjudicate a claim for refund by a private party claiming to have been overcharged by another private party, and to enter and enforce the equivalent of a money judgment, with interest, on such a claim;

2. The DOE has no lawful authority to apply a regulation or interpretation retroactively; or to attempt retroactive enforcement thereof;

3. The Jayne well is entitled to receive new oil prices.

■ Plaintiff's first contention has been previously considered and decided in two cases before this Court. *Buck v. Department of Energy*, CIV–77–0643–D (W.D. Okla. Dec. 31, 1979); *Bonray Oil Company v. Department of Energy*, 472 F.Supp. 899 (W.D.Okla.1978), *aff'd*, 601 F.2d 1191 (TECA 1979).

In *Bonray* Judge Luther Eubanks of this Court determined that the DOE did not exceed its authority in ordering refunds to be paid to third parties for overcharges in a Remedial Order. Additionally, Judge Eubanks found that interest on overcharges may be ordered by the DOE in a Remedial Order as a rational method of "making whole" those who have been overcharged.

In view of the similarity between the *Bonray* case and the instant action, the Court determines that *Bonray* is dispositive of Plaintiff's claims herein regarding the DOE's authority to order the refund of overcharges and interest thereon.

■ Plaintiff's second contention asserts that the DOE has retroactively applied its definition of "property" to Plaintiff in ex-

---

1. The BLCL is a monthly base level at which a property was producing oil in 1972. Any oil produced in excess of that base level is con-

sidered new oil and may be sold at new oil prices.

cess of its authority. Plaintiff's contention here is without merit as there has been no attempt of retroactive enforcement of any regulation against Plaintiff. The standard of review of a Remedial Order is controlled by § 211(d)(1) of the Economic Stabilization Act of 1970 which states:

[N]o order of such agency shall be enjoined or set aside, in whole or in part, unless a final judgment determines that such order is in excess of the agency's authority, or is based upon findings which are not supported by substantial evidence.

Therefore, the Remedial Order issued to Plaintiff cannot be set aside unless it is in excess of the Defendant's authority or is based upon findings which are not supported by substantial evidence. *Powerine Oil Co. v. FEA*, 536 F.2d 378 (TECA 1976); *Chrysler Corp. v. Dunlop*, 490 F.2d 985 (TECA 1973); *Atlantic Richfield Co. v. FEA*, 429 F.Supp. 1052 (N.D.Cal.1976), *aff'd*, 556 F.2d 542 (TECA 1977).

Plaintiff's contention is based upon its assertion that the Jayne # 1 lease was a new property when the second well was drilled to a different formation on February 1, 1974. Under the applicable regulations in 1974 the Jayne # 1 lease was clearly not a new property as it was producing in January, 1972. Property was defined by the DOE on January 15, 1974, as "the right which arises from a lease or from a fee interest to produce domestic crude oil." This definition clearly includes the Jayne # 1 lease as a single property and would not support a finding that different formations within the same lease would constitute different properties.

The later definitions of property on which Plaintiff relies for its claim of retroactive enforcement are merely clarification, but said definitions do not show any change of mind on the DOE's part as to what constitutes property and therefore § 106 of the Energy Conservation and Production Act, upon which Plaintiff relies, would not be applicable in this situation. *See Honeymon Drilling Co. v. DOE*, No. CIV–79–470–E (W.D.Okla. Aug. 29, 1980).

Plaintiff's third contention, that the Jayne well is entitled to receive new oil prices, is without merit as the Defendant's decision is based upon substantial evidence.

Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. *Consolo v. Federal Maritime Commission, supra; NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939). This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Illinois Central Railroad Co. v. Norfolk & Western Railway Co.*, 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); *Consolo v. Federal Maritime Commission, supra; NLRB v. Nevada Consolidated Copper Corp.*, 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305 (1942).

The record before the Court in the instant case reveals that the DOE's findings were based upon an audit of Plaintiff's operation of the oil producing lease involved herein. The audit produced evidence of the amount of oil produced on the lease in question in the relevant time periods in this case.

Upon a review of the record herein, the Court determines that substantial evidence produced from said audit is contained therein and supports the administrative decision in this case. Therefore, Plaintiff's second contention is without merit.

In view of the foregoing the Court finds and concludes that the Remedial Order giving rise to this action was not in excess of

the DOE's authority and was based upon findings which are supported by substantial evidence. Accordingly, a Judgment in favor of Defendant DOE and against Plaintiff on Plaintiff's Complaint declaring the Remedial Order to be valid and denying Plaintiff the requested injunctive relief should be entered in this case. As the Remedial Order is adjudged to be valid, the Judgment should also order enforcement thereof as requested by the counterclaim of the Defendant United States. Counsel for Defendants are directed to prepare a Judgment in accordance with the foregoing, submit the same to Plaintiff's counsel for approval as to form and thereafter present the same to the Court for filing within 15 days of this date.