## NATIONAL LABOR RELATIONS BOARD v. WESTINGHOUSE ELECTRIC CORPORATION, ANSONIA PLANT.

### No. 10889.

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1949.

---

Mozart G. Ratner, Washington, D. C., Robert N. Denham, Washington, D. C., for petitioner.

John J. Adams, Cleveland, Ohio, Robert D. Blasier, Job Taylor II, Pittsburgh, Pa., James C. Davis, John J. Adams, Squire, Sanders & Dempsey, Cleveland, Ohio, for respondent.

Before SIMONS, MARTIN and McAL-LISTER, Circuit Judges.

PER CURIAM.

In a petition to enforce an order of the National Labor Relations Board it appears that the only issue involved is whether the Board's finding that the discharge of Doyt Fouty by the foreman of the respondent's Ansonis plant was for union activities is supported by substantial evidence.

The record shows that for producing war material the respondent had established a subsidiary plant for the purpose of availing itself of an available labor force in Ansonia, Ohio, some distance from its Lima, Ohio, plant. This labor was predominantly female and was unorganized. Fouty, upon the assumption that the basic pay rate and bonus at Ansonia were lower than the rates paid by respondent at its Lima plant, began agitating the matter among the employees at Ansonia and some steps were taken looking toward organization. Fouty was discharged by one of two foremen at Ansonia for agitation at the plant which disturbed the workers during employment and destroyed the morale of the working force. While there is some evidence of organizational activity at Ansonia there is no evidence that the foreman knew of Fouty's part in it, and the trial examiner so found. He recommended the dismissal of the complaint, also on the ground of Fouty's inability to describe with any degree of accuracy his own activity.

The Board found that the foreman "either knew or *should have known*" of Fouty's connection with the organizational activities. The inescapable effect of this finding is to place upon the employer the duty of ascertaining the existence of union activity and the participation of specific employees in it. This duty could only be discharged by the employer engaging in that type of interrogation, investigation and espionage which is condemned by the Act as an unfair labor practice, and which the Board has so often made the basis of its findings. We think no such duty rested upon the employer or its supervisory employees. We think the record fully discloses that Fouty was not discharged for union activities, and in this view we are not influenced by the fact that the basis for Fouty's agitation was untrue since there is no evidence of bad faith on Fouty's part.

The Board also found that Fouty's discharge violated § 8(1) of the National Labor Relations Act, 29 U.S.C.A. § 158

(1), because it interfered with the employees' concerted activity without reference to union activity. The evidence does not disclose any knowledge on the part of the employer or its supervisors of any concerted activity or of Fouty's participation in such activity. It goes no farther than to show that a number of group leaders individually asked the foreman whether the wage rates at the Lima plant were higher than those at Ansonia, to which the foreman clearly replied by the exhibition of a rate book which showed that the rates were identical. There was no concerted action in this respect. The activity which came to the foreman's attention was entirely the result of individual concern.

The petition for enforcement is denied.