**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PASCHALL TRUCK LINES, INC.,**
**Respondent.**

**No. 72-1076.**

United States Court of Appeals,
Sixth Circuit.

Oct. 12, 1972.

Brown Hill Boswell, Charlotte, N. C., J. W. Alexander, Jr., Blakeney, Alexander & Machen, Charlotte, N. C., on briefs, for appellee.

Before EDWARDS, PECK and MILLER, Circuit Judges.

PER CURIAM.

This case is before the Court on an application of the National Labor Relations Board to enforce its order against respondent, Paschall Truck Lines, Inc., for violations of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board substantially adopted the findings of its trial examiner and found that respondent had violated sections 8(a)(1), (3) and (5) of the Act.

The respondent is a common carrier of interstate freight operating a number of terminals including one at Murray, Kentucky, the only installation involved in this proceeding. In February, 1970, several of respondent's employees began soliciting authorization cards for the Teamsters and Chauffeurs Local Union No. 236, affiliated with The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. From the respondent's conduct toward its employees during the months of February, March and the first part of April, the Board found that the respondent violated section 8(a)(1) of the Act by threatening its employees with a loss of benefits because of their union activities, by creating the impression that the employees' union activities were under surveillance, and by interrogating employees about their union activities. The Board also found that the Company violated section 8(a)(3) of the Act by discriminatorily discharging employees Driver, Overcast, Windsor, Stone and Payne because of their union pursuits. Further, the Board found that section 8(a)(5) of the Act was violated by the respondent's refusal to recognize and bargain with the Union. [190 NLRB No. 108 (1970)].

■ ■ The only issue presented in this case is a factual one; whether each

Bruce McLean, Washington, D. C., Marcel Mallet-Prevost, Asst. General Counsel, Joseph Mayer, N.L.R.B., Washington, D. C., on briefs, for appellant.

alleged violation is supported by substantial evidence on the record as a whole. 29 U.S.C. § 160(e). The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. of New York v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). "[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L. Ed. 660 (1939). "This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). In reviewing the credibility findings and the inferences drawn by the Board from the evidence, the test for a reviewing court is whether the conclusions are reasonable in light of the proven facts. Thus, this Court may not substitute its judgment on the question whether the inference drawn is the correct one or whether a different inference would be better supported, but is limited to the determination of reasonableness—not rightness. NLRB v. Nevada Consolidated Copper Corp., 316 U.S. 105, 106, 62 S.Ct. 960, 86 L.Ed. 1305 (1942); Radio Officers' Union v. NLRB, 347 U.S. 17, 48–50, 74 S.Ct. 323, 98 L.Ed. 455 (1954).

■ ■ After reviewing the whole record we cannot say that the Board's findings, with one exception, are unreasonable, although we would have reached a contrary conclusion in each instance if the choice were ours. We find the Board's conclusion that section 8(a)(1) of the Act was violated by the two incidents of respondent's interrogation of employees Mott and Payne is not supported by substantial evidence. Interrogation of employees is not per se unlawful. NLRB v. Dale Industries, Inc., 355 F.2d 851 (6th Cir. 1966). To be unlawful, interrogation must be coercive and interfere with or restrain the employees and the burden of proof rests upon General Counsel to prove that the interrogation violated the Act. Hughes & Hatcher, Inc. v. NLRB, 393 F.2d 557 (6th Cir. 1968). This is not shown in the present case.

The enforcement of the Board's order is granted except as to the finding of illegal interrogation.