**AIR SURREY CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–1326.

United States Court of Appeals, Sixth Circuit.

July 16, 1979.

* Honorable Bailey Brown, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

Mark V. Webber, Roemisch & Wright, Cleveland, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, John H. Ferguson, National Labor Relations Board, Washington, D. C., for respondent.

Before CELEBREZZE, Circuit Judge, PHILLIPS, Senior Circuit Judge and THOMAS,* District Judge.

## ORDER

This case is before the court on petition of Air Surrey Corporation to review and set aside an order of the National Labor Relations Board finding petitioner violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), when it discharged one of its employees for seeking information concerning the amount of funds in petitioner's payroll checking account. 229 NLRB No. 155. The Board has cross-petitioned for enforcement. These petitions are properly before this court since the alleged unfair labor practice occurred in Medina, Ohio. 29 U.S.C. § 160(e).

During March and April of 1976 the petitioner had issued several payroll checks that were not paid by the drawee bank for insufficient funds. Each check was eventually paid by petitioner, but the employees became concerned about the petitioner's financial position. On April 9, 1976, a payday, employees Patton, Guitar, Cline, and Sanders discussed the paycheck problem at lunch. They agreed they would go to petitioner's bank to inquire whether sufficient funds existed to cover the payroll. Only employee Patton entered the bank since the others had trouble parking the automobile. Patton was informed by a bank teller that there did not exist sufficient funds in the account to cover the entire payroll.

Later that afternoon a company official, Mr. Davis, discovered from his wife that an employee had inquired into the company's account. When the employees were confronted with the allegation all the employees except Patton denied involvement. Patton was immediately discharged.

■ It has long been the law in our circuit that an employer cannot be held in violation of § 8(a)(1) of the Act when it discharges an employee for activity which may in fact be protected under the Act but the employer lacks knowledge of its protected character. *NLRB v. Westinghouse Electric Corp.*, 179 F.2d 507 (6th Cir. 1949). It is the employer's knowledge of an employee's protected activity and his subsequent discharge of the employee for engaging in such activity which violates the Act.

■ In the instant case the record when read as a whole does not display substantial evidence that Davis knew of the concerted nature of Patton's activity. It is clear from the record that Patton was acting on behalf of himself and three other employees "for their mutual aid" when he made his inquiries at the bank. Under decisions of the

* The Honorable William K. Thomas, United States District Judge, for the Northern District of Ohio, sitting by designation.

Board and this court such actions would be protected under the Act. *See e. g. ARO, Inc. v. NLRB,* 596 F.2d 713 (6th Cir. 1979); *NLRB v. Guernsey-Muskingum Electric Co-op,* 285 F.2d 8 (6th Cir. 1960). The record does not, however, display substantial evidence that Davis was aware of the concerted nature of the activity when he discharged Patton. The record reflects Davis was aware Patton had gone to the bank, but it does not reflect Davis knew Patton was acting on behalf of the other employees.

Although judicial review is limited, we conclude that the decision and order of the Board in the present case is not supported by substantial evidence on the record considered as a whole. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Accordingly, the decision and order of the Board is hereby vacated and the Board's petition for enforcement is denied.