**JIM CAUSLEY PONTIAC, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 77–1737, 82–1940.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1983.

Decided Dec. 9, 1983.

Elliott Moore, John H. Ferguson, Deputy Associate Gen. Counsel, Peter Winkler, Lynne Deitch, argued, N.L.R.B., Washington, D.C., for respondent.

Stanley C. Moore, III, argued, Riley & Roumell, Detroit, Mich., Harry A. Carson, co-counsel, Carson & Carson, Detroit, Mich., for petitioner.

Before KENNEDY and CONTIE, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Jim Causley Pontiac petitions for review of, and the National Labor Relations Board cross-applies for enforcement of, the Board's second supplemental order holding that the petitioner discharged employee John Wittbrodt with actual knowledge that the latter was engaging in concerted activity. This case is before the court for the third time. In our first decision, we held that Wittbrodt had in fact engaged in concerted activity and that the petitioner had terminated Wittbrodt at least in part[1] be-

---

1. The petitioner argues for the first time that the Board should have analyzed this case under the test set forth in *Wright Line, a Division of Wright Line, Inc.,* 251 N.L.R.B. 1083 (1980). *Wright Line* was decided on August 27, 1980. The Board's first supplemental order in this case was dated December 10, 1980. The Board's second supplemental order was dated September 8, 1982. Since the petitioner had two opportunities to raise this issue before the Board but failed to do so, it may not now argue the point. 29 U.S.C. § 160(e).

cause he had filed a complaint under Michigan's Occupational Safety and Health Act (MiOSHA). We remanded the case, however, because the Board had not addressed the question of whether the petitioner knew when the discharge occurred that Wittbrodt was engaging in concerted activity. *Jim Causley Pontiac v. NLRB,* 620 F.2d 122 (6th Cir.1980).

On remand, the Board held that the petitioner knew or should have known that Wittbrodt was acting on behalf of himself and other employees during the relevant time period. We again denied enforcement and remanded on the ground that the Board should have applied an actual knowledge test rather than a negligence standard. We nevertheless indicated that the Board was empowered to infer actual knowledge from all the evidence before it, including the MiOSHA letter which had been filed by Wittbrodt and co-worker Chiotti. *Jim Causley Pontiac v. NLRB,* 675 F.2d 125 (6th Cir.1982).

On the second remand, the Board held as follows:

> We find and conclude that it is reasonable to infer from the substantial evidence herein that at the time of the discharge Respondent knew that Wittbrodt's activities were on behalf of other employees in addition to himself.

Thus, the sole issue before this court is whether substantial evidence supports the Board's conclusion concerning the petitioner's actual knowledge.

It is well established that the Board may infer actual knowledge from proven facts, provided that this inference rests upon substantial evidence. *Jim Causley Pontiac,* 675 F.2d at 127; *A to Z Portion Meats, Inc. v. NLRB,* 643 F.2d 390, 393 (6th Cir.1981). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *NLRB v. Paschall Truck Lines, Inc.,* 469 F.2d 74, 76 (6th Cir.1972). If two conflicting views are adequately supported, this court may not disturb the Board's decision even though we might be inclined to hold otherwise under a *de novo* standard of review. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

We conclude that the Board's inference is supported by substantial evidence. Several employees complained to the petitioner about paint fumes during the time period in question. Second, the MiOSHA letter on its face revealed that employee complaints about paint fumes had emanated from two non-managerial positions instead of just one. Third, the MiOSHA complaint stated that "we are having headaches every day from working there." The use of the term "we" clearly indicated to the petitioner that at least two employees were involved. Although there is no direct evidence of actual knowledge in the record, the facts which the general counsel proved, including but not limited to the context within which the MiOSHA complaint was filed, were sufficient to justify the Board's conclusion.

We acknowledge that certain facts in the record support the inference that the petitioner did not know that Wittbrodt was engaging in concerted activity.[2] As has been indicated, however, this court may not disturb the Board's choice between conflicting inferences if both inferences are adequately supported. Since such a situation is present here, the order of the National Labor Relations Board must be ENFORCED.

KENNEDY, Circuit Judge, dissenting.

I would decline to enforce the Board's order. When this case was last here we declined enforcement because the Board held it was sufficient if petitioner should have known that Wittbrodt was acting on behalf of other employees when he filed his complaint with MiOSHA. We remanded for a finding of whether Mr. Causley in fact knew that Wittbrodt acted on behalf of others. Instead of any finding regarding that fact, we have only the Board's conclusion that it is "reasonable to infer" that Mr. Causley knew Wittbrodt was acting on be-

---

**2.** One such fact is that employee Chiotti was transferred from the affected work area before the petitioner was served with the MiOSHA complaint.

half of other employees in addition to himself. Had there been no evidence from which to draw such an inference the action would not have previously been remanded but rather enforcement would have been denied.

If we did not have the Board's prior stance on presuming knowledge followed by its attempt to apply a "should have known" standard, I would not attach as much significance to the Board's choice of words and perhaps would be willing to agree with the majority that the Board has actually found Mr. Causley's knowledge. However, in view of the history of this case, it appears to me that the Board is continuing to require something less than a factual finding by a preponderance of the evidence of knowledge of concerted activity.

Accordingly, I dissent.